FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
NOV 19 2009
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No.
-------------------------------------------------------------------X
THE CADLE COMPANY,

                                            Plaintiff,    **COMPLAINT**

-against-    **CV 09 - 5073**

G46, LLC; 132 REMSEN EQUITIES CORP.; SECOND DEVELOPMENT SERVICES, INC.; SDS/PROCIDA DEVELOPMENT GROUP LLC; SDS LINCOLN LLC; CLINTON MEWS DEVELOPMENT GROUP LLC; SDS 155 LINCOLN LLC; G HOLDINGS TRUST and LINDA GRECO,

VITALIANO, J.

REYES, M.J

                                            Defendants.
-------------------------------------------------------------------X

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complains against Defendants as follows:

**THE PARTIES**

1.      Plaintiff THE CADLE COMPANY is a corporation organized and existing pursuant to the laws of the State of Ohio, with its principal place of business located at 100 North Center Street, Newton Falls, Ohio 44444.

2.      Upon information and belief, Defendant G46, LLC is a limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

3.      Upon information and belief, Defendant 132 REMSEN EQUITIES CORP. is a corporation organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

4.      Upon information and belief, Defendant SECOND DEVELOPMENT SERVICES, INC. is a corporation organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

5.      Upon information and belief, Defendant SDS/PROCIDA DEVELOPMENT GROUP LLC is a limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

6.      Upon information and belief, Defendant SDS LINCOLN LLC is a limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

7.      Upon information and belief, Defendant CLINTON MEWS DEVELOPMENT GROUP LLC is a limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

8.      Upon information and belief, Defendant SDS 155 LINCOLN LLC, is a limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

9. Upon information and belief, Defendant G HOLDINGS TRUST is a trust organized and existing pursuant to the laws of the State of New York, having its principal place of business at 132 Remsen Street, Brooklyn, New York 11201.

10. Upon information and belief, Defendant LINDA GRECO is an individual residing at 132 Remsen Street, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

11. Jurisdiction over the subject matter of this action is properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties. The amount in controversy herein exceeds the sum of $75,000.00.

12. Venue is pursuant to 28 U.S.C. §1391, as the residence of the Defendants is in the Eastern District of New York.

## FIRST CAUSE OF ACTION

13. On May 22, 1990, the Supreme Court of the State of New York, County of New York, entered a Judgment in favor of Plaintiff's predecessor-in-interest, The First Women's Bank, and against Court Living Corporation and Louis V. Greco, Jr., in the sum of $291.822.80. A copy of the said Judgment is annexed hereto as Exhibit "A."

14. The aforesaid Judgment was assigned to Plaintiff, The Cadle Company, by Assignment dated June 13, 1994. A copy of the said Assignment is annexed hereto as Exhibit "B."

15.	No part of the above Judgment has been paid.

16.	For the past several years, Plaintiff has conducted extensive postjudgment proceedings in an effort to recover the sums due under the Judgment, including numerous postjudgment depositions.

17.	Defendant LINDA GRECO and her husband Louis V. Greco, Jr. have testified under oath that Louis V. Greco, Jr. works for numerous entities owned by Defendant LINDA GRECO, including but not limited to Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST.

18.	Defendant LINDA GRECO testified that she is owner and officer of Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST. However, Defendant LINDA GRECO knows absolutely nothing of the purpose or activities of the said Defendants while Louis V. Greco, Jr., is intimately aware of the purpose and activities of said Defendants because he is the one who truly dominates the said entities as his own.

19.	Defendant LINDA GRECO further testified that her husband, Louis V. Greco, Jr., did not receive a salary and was not paid for the services he rendered to the various companies allegedly owned by his wife.

20. During the period from 2000 through the present, Louis V. Greco served as an officer and maintained control of Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST.

21. Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST are operated by Defendant LINDA GRECO and her husband, Louis V. Greco, Jr., for the purpose of hindering, delaying and defrauding the creditors of Louis V. Greco, Jr.

22. Louis V. Greco, Jr., dominates and controls Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, G HOLDINGS TRUST, so that the said Defendants have no separate mind, will, or existence of its own, and is nothing more than a mere instrumentality of and alter ego of Louis V. Greco, Jr.

23. Louis V. Greco, Jr. and Defendant LINDA GRECO hold themselves out to the public as co-owners of Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC,

and G HOLDINGS TRUST. However, Louis V. Greco, Jr., receives no compensation for his work to avoid paying back his creditors.

24. Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST have not complied with the standard corporate formalities required of corporations and limited liability companies in New York.

25. The money and property of Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST have been and continues to be used by Louis V. Greco, Jr., and Defendant LINDA GRECO as if such money and property were their own.

26. During the period 2000 through the present, Defendants LINDA GRECO and G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, and G HOLDINGS TRUST, with actual intent to hinder, delay and defraud creditors, caused the earnings of Louis V. Greco, Jr., to be conveyed directly to the Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS

LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, G HOLDINGS TRUST and/or to Defendant LINDA GRECO.

27. Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the said conveyances were made by Defendants with actual intent to defraud, hinder and delay creditors.

28. As a result of the said conveyances, Plaintiff has been unable to recover on the Judgment rendered in its favor. No part of the said Judgment have been paid to Plaintiff, and the same remains wholly unpaid, causing damage to Plaintiff.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

30. Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, G HOLDINGS TRUST and LINDA GRECO are merely the instrumentality of Louis V. Greco, Jr., with no separate identity of their own, for the purpose of avoiding his creditors.

31. By reason of the above, the Court should hold Defendants G46, LLC, 132 REMSEN EQUITIES CORP., SECOND DEVELOPMENT SERVICES, INC., SDS/PROCIDA DEVELOPMENT GROUP LLC, SDS LINCOLN LLC, CLINTON MEWS DEVELOPMENT GROUP LLC, SDS 155 LINCOLN LLC, G HOLDINGS TRUST and LINDA GRECO liable for the

sums due to Plaintiff under the aforesaid Judgment against Louis V. Greco, Jr. under the doctrine of reverse piercing of the corporate veil.

## DEMAND FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

a. Granting a judgment in favor of Plaintiff and against Defendants in the sum of $291,822.80, together with interest at the rate of 9% per annum from May 22, 1990, together with attorneys' fees, expenses and costs incurred as a result of this action, in an amount to be determined by the Court, together with punitive damages in the sum of $1,500,000.00;

b. For such other and further relief as the Court deems just and proper under the circumstances, together with interest, and the costs and disbursements of this action.

Dated: New York, New York
November 12, 2009

                                      VLOCK & ASSOCIATES, P.C.
                                      Attorneys for Plaintiff
                                      230 Park Avenue
                                      New York, New York 10169
                                      (212) 557-0020

                                      By: _____
                                      Steven Giordano (SG 8328)

1165.00019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------

THE FIRST WOMEN'S BANK,

                          Plaintiff,

  - against -

COURT LIVING CORPORATION,
and LOUIS V. GRECO, JR.,

                          Defendants.
-----------------------------------

**JUDGMENT**

Index No. 4736/89

Plaintiff, THE FIRST WOMEN'S BANK, having moved by Summons dated June 15, 1989, with due proof of service having been acknowledged, the defendants COURT LIVING CORP. and LOUIS V. GRECO, JR. having filed a Notice of Appearance by its/his attorney Luigi DeMaio, Esq. and a Stipulation of Settlement having been entered into, and upon the affirmation of Louis C. Pulvermacher dated May 22, 1989, it is

~~ORDERED, that an assessment for reasonable expenses including attorneys fees and expenses, issued be and is hereby, and it is further~~

ADJUDGED that the plaintiff, THE FIRST WOMEN'S BANK now renamed FIRST NEW YORK BANK FOR BUSINESS, with offices at 133 East 58th Street, New York, New York 10022 do recover of COURT LIVING CORPORATION, with corporate offices at the office of Luigi DeMaio, Esq., DeMaio & Hughes, 241 East 49th Street, New York, New York 10017, and LOUIS V. GRECO, JR., 132 Remsen Street, Brooklyn, New York, ~~jointly and severally~~ the sum of $245,600.00, together with interest of $42,657.80, attorneys fees in the sum of $3,700.00, the costs and disbursements in the sum

of $ <u>165.00</u>, amounting in all to the sum of $<u>291,922.90</u>, and that plaintiff have execution therefore.

Signed and executed this <u>22nd</u> day of May 1990.

*Norman Goodman*
Norman Goodman, County Clerk
New York County

**FILED**
MAY 22 1990
COUNTY CLERK'S OFFICE
NEW YORK

2

Return to Intercounty Clearance Corp.
105 Chambers Street
New York, NY 10007

(216) 872-0918

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

THE FIRST WOMEN'S BANK

                Plaintiff, : Index No. 4736/89

- against -

COURT LIVING CORP., LOUIS V. GRECO, : **ASSIGNMENT OF JUDGMENT**
JR.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - x

THIS INDENTURE, made the 13th day of JUNE, 1994 BETWEEN FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST NEW YORK BANK FOR BUSINESS FORMERLY KNOWN AS THE FIRST WOMEN'S BANK, Assignor, and THE CADLE COMPANY, Assignee, an Ohio corporation, located at 4363 La France Street, Newton Falls, OH 44444.

WHEREAS, on the 22nd day of May 1990, judgment was recovered in the Supreme Court of the State of New York, County of New York in favor of Plaintiff and against Defendants in the sum of $291,822.80 which judgment was duly entered on the 22nd day of May 1990 in the office of the clerk of the Supreme Court of the State of New York, County of New York;

AND WHEREAS, the Assignor is now the owner of said judgment;

NOW THEREFORE WITNESSETH, that the Assignor in consideration of $10.00, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, to the Assignor duly paid, has sold, assigned and transferred, and by these presents hereby sells, assigns and transfers to the Assignee the said judgment and all monies that may be had or obtained by means thereof, or upon any proceedings to be had thereupon. The Assignor hereby constitutes and appoints the Assignee as the true and lawful attorney in fact for the Assignor, irrevocably, with power of substitution and revocation, to ask, demand and receive, and to issue executions, and take all necessary steps for the recovery of the money due or to become due on said judgment; and, upon payment thereof, to acknowledge satisfaction or discharge of the same; and for said purpose to make or substitute one or more attorneys for the Assignee for the purpose aforesaid; hereby ratifying and confirming all that said attorney or his substitute(s) shall

**ACKNOWLEDGMENT COPY**

lawfully do with respect to the enforcement of said judgment, provided, however, that any and all such actions shall be taken by Assignee in his own name and at his own cost and expense. The Assignor hereby covenants that the Assignor will not collect or receive any amounts on account of said judgment, nor release or discharge said judgment, but will allow all lawful proceedings therein, if any, to be taken by the Assignee, saving the Assignor harmless of and from any costs with respect to such judgment. This assignment is made without recourse to the Assignor in any event whatsoever, including, without limitation, any reversal, reduction, modification or vacatur of the judgment on any grounds whatsoever, or the filing at any time of any bankruptcy petition by or with respect to the judgment debtor, or any other person or entity holding or claiming any interest in said judgment.

    IN WITNESS WHEREOF, this assignment has been duly executed by the Assignor the day and year first above written.

Sealed and delivered
in the presence of

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
FIRST NEW YORK BANK FOR BUSINESS
FORMERLY KNOWN AS THE FIRST
WOMEN'S BANK

By: _____
Name:
Title: CRAIG A. KOENIG
ATTORNEY-IN-FACT

STATE OF TEXAS )
               ) ss.:
COUNTY OF DALLAS)

    Before me, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Craig A. Koenig _____, Attorney-in-Fact for the Federal Deposit Insurance Corporation as Receiver for First New York Bank For Business formerly known as The First Women's Bank, known to me to be the person whose name is subscribed to the foregoing instrument, and (s)he acknowledged to me that (s)he executed the same for the purposes and consideration therein expressed, as the act and deed of said corporation and in the capacity therein stated.

Given under my hand and seal this 13th day of June, 1994



_____
Notary Public